Bradley J. Bartolomeo, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
(973) 577-6261 (fax)
Bradley.Bartolomeo@lewisbrisbois.com
*Attorneys for Defendants*
*Clean Venture, Inc. d/b/a ACV Enviro CV,*
*ACV Enviro 1045 Re LLC and ACV Enviro*
*Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN PEREZ, DWAYNE BOWEN, REYNALDO DEJESUS, KELVIN JONES, TIMOTHY MCNEILL, SCOTT BRUNSON, JERMAINE BENDERS, GEORGE BOSCH, ROBERTO COSME, KYLE JOBES, JACQUES MANN, AMIR MUHAMMAD, EDWIN NUNEZ, JOES RIOS, ANTHONY BRUNO and GREGORY LINDSEY, <br><br> Plaintiffs, <br><br> v. <br><br> CLEAN VENTURE, INC. d/b/a ACV ENVIRO CV, and ACV ENVIRO 1045 RE LLC, ACV ENVIRO CORPORATION, CORPORATION 1-10, JOHN DOES 1-10, <br><br> Defendants. | **CIVIL ACTION NO. 20-cv-00345** |

## NOTICE OF REMOVAL

Defendants Clean Venture , Inc. d/b/a ACV Enviro CV, ACV Enviro 1045 Re LLC and ACV Enviro Corporation ("Defendants"), by and through their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Law Division, Union County, to the United States

District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *et seq.* based on the following grounds.

## BACKGROUND

1. On December 19, 2019, Plaintiffs Kevin Perez, Dwayne Bowen, Reynaldo Dejesus, Kelvin Jones, Timothy McNeill, Scott Brunson, Jermaine Benders, George Bosch, Roberto Cosme, Kyle Jobes, Jacques Mann, Amir Muhammad, Edwin Nunez, Joel Rios, Anthony Bruno and Gregory Lindsey (collectively "Plaintiffs") filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-004384-19 (the "State Court Action").

2. Defendants have not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached hereto as **Exhibit A** are true and correct copies of the Complaint, Case Information Statement, Track Designation Notice of Appearance, and Affidavits of Service. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

## TIMELINESS OF REMOVAL

5. The removal of this action is timely because it was accomplished within 30 days of the date on which Defendants became aware of the filing of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

## JURISDICTIONAL BASIS FOR REMOVAL
### Federal Question and Supplemental Jurisdiction

6. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013).

7. Plaintiffs' Complaint seeks to allege multiple causes of action arising out of their employment, which include causes of action under the New Jersey Prevailing Wage for Construction Work On A Public Utility ("NJPWCWPU"), N.J.S.A. § 34:13B-2.1 and N.J.S.A. § 34:13B-16 (Count One) for the alleged failure to pay prevailing wages for work on public utilities, the New Jersey Prevailing Wage Requirement, Construction Undertaken with BPU Financial Assistance ("NJPWR"), N.J.S.A. § 48:2-29.47 (Count Two) for the alleged failure to pay prevailing wages for work at PSE&G facilities, the New Jersey Prevailing Wage Act ("NJPWA"), N.J.S.A. § 34:11-56.25, *et seq.* (Count Three) for the alleged failure to pay prevailing wages for work on public utilities, common law Breach of Contract (Count Four), the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-13.3 (Count Five) for the alleged failure to pay overtime, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* (Count Six) for the alleged failure to pay overtime.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint involves and is predicated upon a federal question, Plaintiffs' claims under the FLSA.

9. Additionally, where a complaint alleges causes of action under both federal and state law, district courts have supplemental jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. Federal and state law claims form a part of the same case or controversy when they arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966).

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims under the NJPWCWPU, NJPWR, NJPWA, NJWPL and the common law Breach of

Contract because they arise out of the same set of facts as Plaintiffs' federal law claim, specifically, the alleged factual circumstances surrounding Plaintiffs' allegation that the Defendant failed to adequately compensate Plaintiffs.

11. Plaintiffs' state law claims do not raise novel or complex issues of state law or substantially predominate over their federal claims. *See* 28 U.S.C. § 1367(c).

12. Accordingly, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

13. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey (Newark Vicinage) is the proper venue for removal jurisdiction because it embraces the place where this action is pending.

## MISCELLANEOUS ISSUES

14. Written notice of the filing of this Notice of Removal is being forwarded to Plaintiffs' counsel as well as to the Clerk of the Court for the Superior Court of New Jersey, Law Division, Union County, pursuant to 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Defendants does not waive any defense that may be available and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE,** Defendants hereby removes the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey and requests that this Court assume full jurisdiction over this cause of action as provided for by law.

Dated: January 9, 2020

                                      Respectfully submitted,

                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

                                      __s/ Bradley J. Bartolomeo_____
                                      Bradley J. Bartolomeo, Esq.
                                      One Riverfront Plaza, Suite 800
                                      Newark, New Jersey 07102
                                      T: 973-577-6260
                                      F: 973-577-6261
                                      Bradley. Bartolomeo@lewisbrisbois.com
                                      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Bradley Bartolomeo, hereby certify that on this date, I caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be served on counsel for Plaintiff via email and via First Class Mail, postage prepaid, at the address specified below.

David Zatuchni, Esq.
ZATUCHNI & ASSOCIATES, LLC
287 South Main Street,
Lambertville, NJ 08530
*Attorneys for Plaintiff*

Dated: January 9, 2020                              s/ Bradley J. Bartolomeo
                                                            Bradley J. Bartolomeo

4810-4970-6673.2